UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TEKNIK ALUMINYUM SANAYI A.S.,<br><br>            *Plaintiff*,<br><br>    v.<br><br>UNITED STATES,<br><br>            *Defendant*. | Court No. 21-00251 |

## COMPLAINT

Plaintiff, Teknik Aluminyum Sanayi A.S. ("Teknik" or "Plaintiff") by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. This action seeks judicial review of certain aspects of the Final Determination of the U.S. Department of Commerce's ("Commerce") countervailing duty investigation of *Common Alloy Aluminum Sheet ("CAAS") from the Republic of Turkey ("Turkey")* ("Investigation"). The contested determination was published as *Common Alloy Aluminum Sheet from the Republic of Turkey: Final Affirmative Countervailing Duty Determination and Final Affirmative Determination of Critical Circumstances, in Part*, 86 Fed. Reg. 13315 (Mar. 8, 2021) ("Final Determination"), and the accompanying *Issues and Decision Memorandum for the Final Determination in the Countervailing Duty Investigation of Common Alloy Aluminum Sheet from the Republic of Turkey* (Dep't of Commerce, Mar. 1, 2021) ("I&D Memo"). The resulting countervailing duty order was published in *Common Alloy Aluminum Sheet from Bahrain, India, and the Republic of Turkey: Countervailing Duty Orders*, 86 Fed. Reg. 22144 (Apr. 27, 2021)

("CVD Order"). The investigation in question covered entries of common alloy aluminum sheet from the Republic of Turkey during the period of investigation, January 1, 2019 through December 31, 2019 ("POI").

## JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2), as this action is commenced under Sections 516A(a)(2)(A)(i) and 516(a)(2)(B)(i) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i), (a)(2)(B)(i).

## STANDING

3.  Teknik is a foreign producer of CAAS from Turkey. Teknik participated in the Investigation that is subject of this action as a mandatory respondent. Teknik submitted questionnaire responses to Commerce and responded to Commerce's in-lieu-of-verification questionnaire. In addition, Teknik submitted a rebuttal brief for consideration prior to the Final Determination. Teknik is, therefore, an "interested party" within the meaning of 19 U.S.C. § 1516a(f)(3), 19 U.S.C. § 1677(9)(A) and 28 U.S.C. § 2631(k)(1). Accordingly, Teknik has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.  Section 516A(a)(2)(A)(i)(II) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(i), the summons must be filed within thirty (30) days of the date of publication in the *Federal Register* of the CVD order based upon the contested determination, and the complaint must be filed within thirty (30) days thereafter. 19 U.S.C. § 1516a(a)(2)(A)(i). On May 25, 2021, within thirty (30) days of the publication of the CVD order on April 27, 2021, Teknik filed a summons with this Court. Thus,

Plaintiff's summons and complaint are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(i) and USCIT Rules 3(a)(2), 6(a).

## STANDARD OF REVIEW

5. This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1671d to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## STATEMENTS OF FACTS

6. Commerce initiated the countervailing duty Investigation on April 7, 2020, following the filing of the antidumping and countervailing duty petitions on March 9, 2020 by the Aluminum Association Common Alloy Aluminum Sheet Working Group ("Petitioner"). *See Common Alloy Aluminum Sheet From Bahrain, Brazil, India, and the Republic of Turkey: Initiation of Countervailing Duty Investigations*, 85 Fed. Reg. 19450 (Apr. 7, 2020). The International Trade Commission ("ITC") simultaneously conducted its investigation. *See Common Alloy Aluminum Sheet From Bahrain, Brazil, Croatia, Egypt, Germany, Greece, India, Indonesia, Italy, Korea, Oman, Romania, Serbia, Slovenia, South Africa, Spain, Taiwan, and Turkey; Institution of Anti-Dumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 85 Fed. Reg. 14702 (Int'l Trade Comm'n Mar. 13, 2020).

7. On April 20, 2020, Teknik and Assan Aluminyum Sanayi ve Ticaret A.S. ("Assan") were selected as mandatory respondents. Teknik fully participated as a mandatory respondent in the Investigation. Teknik also fully participated and was a mandatory respondent in the concurrent antidumping investigation concerning common alloy aluminum sheet from Turkey.

8. Between April 22, 2020 and July 20, 2020, Commerce issued questionnaires and supplemental questionnaires to, and received responses from, Plaintiff related to the CVD Investigation of CAAS from Turkey.

9. On May 19, 2020, Commerce published the notification of postponement of the preliminary determination until August 7, 2020. *Common Alloy Aluminum Sheet from Bahrain, Brazil, India, and the Republic of Turkey: Postponement of Preliminary Determinations in the Countervailing Duty Investigations*, 85 Fed. Reg. 29,930 (Dep't of Commerce May 19, 2020).

10. On July 7, 2020, Petitioners filed a new subsidy allegation. Commerce initiated an investigation on July 9, 2020 on the Provision of Land for Less Than Adequate Remuneration (pursuant to the Government of Turkey's Law No. 5084) based upon this allegation.

11. On August 10, 2020, Commerce published its preliminary determination in the CVD Investigation on CAAS from Turkey. *Common Alloy Aluminum Sheet From The Republic of Turkey: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Determination of Critical Circumstances in Part, and Alignment of Final Determination With Final Antidumping Duty Determination*, 85 Fed. Reg. 49629 (Dep't of Commerce Aug. 14, 2020) ("*Preliminary Determination*"), and accompanying *Decision Memorandum for the Preliminary Affirmative Determination in the Countervailing Duty Investigation of Common Alloy Aluminum Sheet from the Republic of Turkey* (Dep't of Commerce Aug. 7, 2020).

12. In the *Preliminary Determination*, Commerce calculated, using Teknik's data, a total subsidy rate of 0.07 percent. *See Preliminary Calculations for Teknik Aluminyum Sanayi A.S. (Teknik)* (Dep't of Commerce Aug. 7, 2020). Commerce calculated subsidy margins for the (i) Exemption from Property Tax at the rate of 0.05 percent and (ii) Deduction of Taxable Income

Program (for exports in 2017) at the rate of 0.02 percent.  *Id*.  Accordingly, Commerce found a *de minimis rate* for Teknik.  *See Preliminary Determination*.

13. Between August 21, 2020 and October 14, 2020, Commerce issued, and Teknik responded to, supplemental questionnaires.

14. As a result of the COVID-19 pandemic, Commerce issued an in lieu of verification questionnaire.  *See* Letter from Mark Hoadly, Program Manager to Teknik Aluminyum Sanayi A.S., *Re: Countervailing Duty Investigation of Common Alloy Aluminum Sheet from Turkey: In Lieu of Verification Questionnaire* (Jan. 14, 2021) ("ILV Verification Questionnaire").

15. On January 22, 2021, Teknik submitted its response to the ILV Verification Questionnaire.  *See* Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Common Alloy Aluminum Sheet from Turkey: Teknik Aluminyum Sanayi A.S.'s Response to the Questionnaire in Lieu of Verification* (Jan. 22, 2021) ("Verification Questionnaire Response").  Teknik's Verification Questionnaire Response totaled 918 pages and included fourteen (14) excel spreadsheets that were worksheets, balance sheets, account ledgers, *etc*.  As part of Teknik's Verification Questionnaire Response, Teknik, submitted its entire account ledger for the POI.

16. Petitioner filed a case brief addressing certain issues related to Teknik on February 2, 2021.

17. Teknik submitted a rebuttal case brief on February 9, 2021 demonstrating Teknik's reconciled 2019 sales, lack of payment for exemption for property tax and deduction of taxable income, non-use of other grants, and Teknik's full cooperation and lack of a basis for application of adverse facts available ("AFA").  *See Teknik Aluminyum Sanayi A.S. Rebuttal Brief* (Feb. 9, 2021).

18.     On March 8, 2021, Commerce published its *Final Determination*. *See Common Alloy Aluminum Sheet from the Republic of Turkey: Final Affirmative Countervailing Duty Determination and Final Affirmative Determination of Critical Circumstances, in Part*, 86 Fed. Reg. 13315 (Mar. 8, 2021) ("*Final Determination*"), and the accompanying *Issues and Decision Memorandum for the Final Determination in the Countervailing Duty Investigation of Common Alloy Aluminum Sheet from the Republic of Turkey* (Dep't of Commerce, Mar. 1, 2021) ("*Final I&D Memo*").  Teknik was assigned a rate of 4.34 percent.

19.     In the *Final Determination*, Commerce found that Teknik withheld information, failed to provide requested necessary information in the form and manner requested by Commerce, or failed to provide verifiable information for the following programs: Deduction of Taxable Income for Exports; Foreign Market Research and Market Entry Grants Program; Foreign Fair Support Program; Exemption from Property Tax Program.  *Final I&D Memo* at 6.  Commerce therefore found that the use of adverse inference in selecting from among the facts otherwise available on the record was warranted regarding certain programs for Teknik, because Teknik failed to provide the requested information in the form and manner requested by Commerce with respect to its reported sales information and its non-use of certain programs under review.  *Id*.  Commerce found that Teknik failed to provide screen shots from its accounting ledgers in the ILV Verification Questionnaire Response as requested by Commerce in order to examine the completeness and accuracy of the reported information.

## STATEMENT OF THE CLAIMS

20.     In the following respects, and for the other reasons demonstrated on the record of the administrative proceeding, Commerce's final results in its countervailing duty investigation

which resulted in the issuance of the *CVD Order*, are unsupported by substantial evidence and otherwise not in accordance with law.

### Count I

21. Plaintiff herein incorporates by reference paragraphs 1 through 20, *supra*, of this complaint.

22. The purpose of verification is to check the accuracy of information already submitted. The ILV Verification Questionnaire was issued by Commerce with this same intent – to confirm the accuracy of information submitted. During an on-site verification, if the Department is not satisfied with certain information already included as part of the verification package, the Department always requests additional information, which the respondents have opportunity to provide. Therefore, on-site verifications are on-going and live processes with active participation by the Department and respondents. This ILV Questionnaire cannot substitute for an actual verification. In instances where there is a deficiency in any filing, Commerce is required to let interested parties know that Commerce deems the filing deficient, particularly in instances, as is the case here, where an interested party has provided more information than Commerce requested.

23. Accordingly, Commerce's determination to apply AFA based upon the ILV Verification Questionnaire Response is not supported by substantial evidence and not in accordance with law.

### Count II

24. Plaintiff herein incorporates by reference paragraphs 1 through 23, *supra*, of this complaint.

25.     Commerce's determination that Teknik withheld information, failed to provide requested necessary information in the form and manner requested by Commerce, or failed to provide verifiable information is not reasonably determined, is unsupported by substantial evidence on the record, and is otherwise not in accordance with law.

26.     Commerce determined that Exhibit V-14 of the ILV Questionnaire showed the income from the Government of Turkey and is a worksheet that did not contain screen shots from the actual account ledger that contains the underlying information.  Commerce's conclusion is based on a misstatement of fact of the administrative record.  Exhibit V-14 is not a worksheet. Exhibit V-14 of the ILV Verification Questionnaire was Teknik's complete ledger of which income was accounted for.  Teknik provided more verifiable information than Commerce requested to support the lack of payment for exemption for property tax and deduction of taxable income.  This ledger was also duly reconciled with Teknik's audited financial statements.

27.     Accordingly, Commerce's decision to apply adverse inferences in selecting from among the facts otherwise available in calculating a countervailing duty margin is not based on substantial evidence on the record and is otherwise not in accordance with law.

## Count III

28.     Plaintiff herein incorporates by reference paragraphs 1 through 27, *supra*, of this complaint.

29.     Commerce's determination that Teknik did not submit the requested screen shots from its accounting systems relating to the Exemption from Property Tax Program and Teknik's Deduction of Taxable Income for Exports is not supported by the administrative record.  Teknik submitted screen shots from the accounting system in the Verification Questionnaire Response at Exhibit V-4 and V-5 for the domestic sales reconciliation and export sales reconciliation.

30. Accordingly, Commerce's decision to apply adverse inferences in selecting from among the facts otherwise available in calculating a countervailing duty margin is not based on substantial evidence on the record and is otherwise not in accordance with law.

### Count IV

31. Plaintiff herein incorporates by reference paragraphs 1 through 30, *supra*, of this complaint.

32. Commerce's determination as to the sales reconciliation is in direct conflict with Commerce's findings in the concurrent antidumping investigation, for which Teknik was a mandatory respondent. In the concurrent antidumping investigation, Commerce found that partial adverse facts available were not warranted after Teknik submitted the same reconciliation worksheet and the screen shot that was submitted in both the CVD Verification Questionnaire Response and the concurrent antidumping in lieu of verification questionnaire response. Commerce's application of adverse inference is, therefore, inconsistent with its own determinations in the concurrent antidumping investigation. Commerce has rendered two different determinations in two concurrent investigations for the same information.

33. Accordingly, Commerce's determination that Teknik did not cooperate to the best of its ability to comply with Commerce's request for information by not submitting requested information in the manner as requested by Commerce is not supported by substantial evidence and not in accordance with law.

### Count V

34. Plaintiff herein incorporates by reference paragraphs 1 through 33, *supra*, of this complaint.

35.     Commerce's determination that Teknik failed to provide the requested screen shots identifying that Teknik did not receive any benefits under the Foreign Market Research and Market Grants Program and the Foreign Fair Support Program is inconsistent with the administrative record.  Commerce did not verify or ask any questions in Commerce's ILV Verification Questionnaire relating to these benefits during the POI.  Moreover, Commerce failed to acknowledge that Teknik submitted its complete ledger where other government subsidy was recorded in addition to the accounting entry.

36.     Accordingly, Commerce's determination that Teknik did not cooperate to the best of its ability to comply with Commerce's request for information by not submitting requested information in the manner as requested by Commerce is not supported by substantial evidence and not in accordance with law.

## Count VI

37.     Plaintiff herein incorporates by reference paragraphs 1 through 36, *supra*, of this complaint.

38.     Commerce's application of AFA to Deduction of Taxable Income for Exports Program is unsupported by the administrative record and not in accordance with law.  Commerce determined that it could not verify the amount of support Teknik received under this program because Teknik failed to provide screen shots of its accounting ledgers from its financial system. The administrative record contains Teknik's support for the usage of this program at Exhibit V-12 of Teknik's Verification Questionnaire Response.

39.     Accordingly, Commerce's determination that Teknik did not cooperate to the best of its ability to comply with Commerce's request for information by not submitting requested information is not supported by substantial evidence and not in accordance with law.

## Count VII

40. Plaintiff herein incorporates by reference paragraphs 1 through 39, *supra*, of this complaint.

41. Commerce's application of AFA with respect to the Exemption of Property Tax is not supported by record evidence and otherwise not in accordance with law. In initial questionnaire responses, the administrative record provided that Exemption from Property Tax is not shown in the accounting system as there is no gain but rather the absence of a payment. Teknik did not provide any screen shots for the Exemption of Property Tax in its Verification Questionnaire Response as such an exemption was not accounted in the accounting system. Teknik initially provided the property tax return filed with the municipality, which shows the fair value of the property and excerpts form law stating the property tax rates. This information was sufficient to calculate the amount of property tax exempted. As the exemption was not accounted for due to the absence of a payment, Teknik could not provide a screen shot demonstrating the absence of such a payment.

42. Accordingly, Commerce's determination that Teknik did not cooperate to the best of its ability to comply with Commerce's request for information by not submitting requested information is not supported by substantial evidence and not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Hold that Commerce's *Final Determination* is unsupported by substantial evidence and otherwise not in accordance with law;

(2) Remand this matter to Commerce with instructions to issue a new determination that is consistent with this Court's decision; and

Court No. 21-00251

(3) Grant such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ Kristen S. Smith
Kristen S. Smith
Sarah E. Yuskaitis

**SANDLER TRAVIS & ROSENBERG, P.A.**
1300 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Tel: (202) 730-4965
Fax: (202) 842-2247

*Attorneys for Teknik Aluminyum Sanayi A.S.*

Dated: June 24, 2021